UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Civil Action No.:

SMOOTH DENTAL, PLLC.

        Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

        Defendant.

CV 04 0587

**COMPLAINT**
**JURY TRIAL DEMANDED**

SIFTON, J.
POLLAK, M.J.

Plaintiff SMOOTH DENTAL, PLLC., by and through its attorneys, Belesi & Donovan, P.C. as and for its Complaint against Defendant ALLSTATE INSURANCE COMPANY, hereby alleges as follows:

### INTRODUCTION

1. This is a breach of contract action by a dental services provider against an insurance carrier. Dental services were provided to the insured under New York State Article 58 as well as the corresponding regulation 11 N.Y.C.R.R. §65.

2. Valid auto insurance policies were in effect for each insured.

3. Each insured or a person covered under their policy was involved in an automobile accident.

4. The insured or a person covered under their policy, was injured.

5. In each case, the injuries sustained were causally related to the automobile accident.

6. At the time of each accident, valid auto insurance policies issued by the insurance carrier were in effect for each insured.

7. The injured party sought treatment from the dental provider.

8. The dental services were rendered in a reasonable prudent manner.

9. Fees were calculated as per the New York State Workers' Compensation Fee Schedule and bills for those services forwarded to the insurance carrier.

10. The dental provider has not received payment for the dental services rendered.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this case pursuant to 28 USC §1332 (a)(1) in that the matter in controversy exceeds $75,000, exclusive of costs and interest, and is between citizens of different states.

12. Venue is proper in this district pursuant to 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

13. At all relevant times hereinafter mentioned, Smooth Dental, PLLC ("Smooth") is a professional limited liability corporation organized under the laws of the State of New York and, at all relevant times, had been engaged in the business of providing dental services to the public by licensed dentists.

14. Allstate Insurance Company ("Allstate") is a corporation incorporated under the laws of the State of Illinois, with its principal place of business in Northbrook, Illinois. Allstate is licensed to engage and engages in the business of insurance in the State of New York.

## COUNT ONE
### (Breach of Contract)

15. Smooth repeats and restates each and every allegation contained in paragraphs 1-13 as if each had been separately repeated and restated in full herein.

16. On various dates commencing on or about January 10, 2002 to the present, Smooth provided dental services to numerous individuals who had sustained automobile related injuries (hereinafter "Assignors").

17. Upon information and belief, at all relevant times herein, the Assignors were insured or covered persons under automobile insurance contracts containing personal injury protection ("PIP"), issued in the State of New York, by Defendant Allstate.

18. The Assignors assigned to Smooth their right to receive payment from Allstate. The assignments of benefits were valid.

19. Smooth, as assignee, remitted bills to Allstate for payment in connection with the dental services provided to the respective Assignors (hereinafter "Bills").

20. The amount due and owing to Smooth by Allstate for the dental services provided to said Assignors is in excess of One Million One

Hundred Ninety Seven Thousand ($1,197,000), Dollars plus interest thereon.

21. Upon information and belief, timely notice was received by Allstate regarding all said claims for dental services.

22. All of the charges for which Smooth seeks payment from Allstate were performed by or under the supervision of a dentist duly licensed to practice in the State of New York.

23. All of the dental services provided by Smooth were medically necessary and in accordance with standard and reasonable practice.

24. All of the charges for which Smooth seeks payment from Allstate were reasonable in amount according to the New York State Workers' Compensation Fee Schedule.

25. Subsequent to their receipt of the Bills, Allstate did not make payment to Smooth.

26. Upon information and belief, Assignors have performed all the obligations required under the insurance policies issued by Allstate.

27. Upon information and belief, Assignors have satisfied all conditions precedent to recovering fees due under New York State laws and regulations.

28. Allstate's failure or refusal to pay constitutes a breach of contract and a breach of Allstate's obligations under New York's No-Fault laws and regulations.

29. By reason of the foregoing, Smooth has been damaged in a sum estimated to be in excess of One Million One Hundred Ninety Seven ($1,197,000) Dollars together with interest thereon.

## COUNT TWO
### (Unjust Enrichment)

30. Smooth repeats and restates each and every allegation contained in paragraphs 1-28 as if each had been separately repeated and restated in full herein.

31. Smooth rendered services to the insured in good faith and in reliance upon the insureds' assignment of benefits.

32. Smooth performed said services with the reasonable expectation of compensation.

33. Upon information and belief, Allstate has accepted premiums payable pursuant to its insurance policies.

34. After accepting said premiums, Allstate has refused and continues to refuse to pay for the services duly rendered by Smooth to Assignors.

35. Allstate has been unjustly enriched at the expense of Smooth.

36. As a result of such unjust enrichment, Smooth is entitled to be compensated for the reasonable value of services rendered.

37. The reasonable value of services rendered is of One Million One Hundred Ninety Seven ($1,197,000) Dollars.

## COUNT THREE
### (General Business Law §349)

38. Smooth repeats and restates each and every allegation contained in paragraphs 1-36 as if each had been separately repeated and restated in full herein.

39. Upon information and belief, Allstate has engaged in the business of providing insurance services to the public in the State of New York.

40. Allstate, in the course of providing insurance services, engaged in repeated deceptive acts and practices in that each denial or payment by Allstate was part of a deceptive scheme or practice to mislead Smooth and consumers at large by accepting insurance premiums, issuing policies, denying claims, and failing to pay under the provisions of such policies.

41. Allstate represented to the public generally and to Smooth specifically that medical claims submitted to them would be reimbursed, while knowing that it would subsequently erect improper barriers to repayment thus breaching New York's General Business Law §349.

42. New York's General Business Law §349 prohibits deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in New York.

43. Each refusal by Allstate to pay Smooth's bills constitutes a separate violation of New York General Business Law §349.

44. Upon information and belief, Smooth and the Assignors have been damaged by the actions of Allstate. Smooth has not been reimbursed for medically necessary, standard and reasonable medical procedures provided to the Assignors.

45. The allegations at issue here are not unique to the dispute between Smooth and Allstate, but have a broader impact on consumers at large.

46. Allstate's conduct imposes additional societal costs and frustrates the objective of New York's no fault insurance scheme to institute an inexpensive, efficient method of compensating accident victims and thereby harms the public at large.

47. Smooth is entitled to recover, as to each bill, triple the amount of the sum outstanding and due as determined at trial, plus interest, costs and attorney's fees.

## COUNT FOUR
### (Statutory Attorney Fees, Costs and Interest)

48. Smooth repeats and restates each and every allegation contained in paragraphs 1-46 as if each had been separately repeated and restated in full herein.

49. Smooth is entitled to attorneys' fees, costs and interest. Pursuant to 11 NYCRR §§65.17(b)(6)(v), 65.17(b)(ii), and 65.17(h)(1), and GBL § 349 respectively.

## JURY DEMAND

Plaintiff hereby requests a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendant as follows:

a.  On Count One, damages in the sum of no less than One Million One Hundred Ninety Seven ($1,197,000) Dollars, plus interest;

b.  On Count Two, damages in the sum of no less than One Million One Hundred Ninety Seven ($1,197,000) Dollars, plus interest;

c.  On the Third Cause of Action, damages in the sum of no less than One Million One Hundred Ninety Seven ($1,197,000) Dollars, treble damages, plus attorney's fees, interest and costs;

d.  On Count Four, attorney's fees, costs and interest; and

e.  Such further and different relief as this Court deems just and proper.

Dated: Garden City, New York
February 11, 2004

Respectfully submitted,

BELESI & DONOVAN
Attorneys for Plaintiff
Smooth Dental, PLLC

By: _____
John M. Belesi (JMB8637)
Matthew J. Conroy (MJC9014)
1225 Franklin Avenue, Ste 400
Garden City, New York 11530
(516) 248-2929